RECEIPT # 57066
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-8-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>G. CONWAY, INC. and GERARD D. CONWAY,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**04-11528 DPW**<br><br>MAGISTRATE JUDGE Collings |

COMPLAINT

The plaintiff, Safeco Insurance Company of America, for a cause of action against the defendants, G. Conway, Inc. and Gerard D. Conway (hereinafter collectively referred to as the "Defendants" or "Indemnitors"), states as follows:

PARTIES

1. The plaintiff, Safeco Insurance Company of America ("Safeco"), is a Washington corporation authorized to do business and issue surety bonds in Massachusetts with a principal place of business at 2800 W. Higgins Road, Hoffman Estates, Illinois 60195.

2. The defendant, G. Conway, Inc. ("Conway"), upon information and belief, is a Massachusetts corporation with a principal place of business located at 8 Bunker Hill Industrial Park, Charlestown, Massachusetts 02129.

3. The defendant, Gerard D. Conway, upon information and belief, is an individual residing at 7 Mount Vernon Street, Charlestown, Massachusetts 02129.

1

## JURISDICTION AND VENUE

4.    The Court has jurisdiction in this matter under 28 U.S.C. §1332 as the plaintiff has citizenship diverse from the defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.00. Venue is proper in this Court under, among other things, 28 U.S.C. §1391 as a substantial part of the events giving rise to the controversy arose in this district.

## BACKGROUND

5.    At all times relevant hereto, Safeco has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

6.    At all times relevant hereto, Conway is or was in the business of construction contracting.

7.    On or about April 2, 1999, Conway executed a general agreement of indemnity (the "Indemnity Agreement") in favor of Safeco. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8.    On or about June 25, 2003, Gerard D. Conway executed a Signature Addendum to the Indemnity Agreement in favor of Safeco. A true and correct copy of the Signature Addendum is attached hereto as Exhibit B and incorporated herein by reference.

9.    As a direct and proximate result of the Defendants executing the Indemnity Agreement and the Signature Addendum, and in reliance thereon, Safeco issued various surety performance and payment bonds at the request and on behalf of Conway, as principal, for various construction projects.

10.   On or about May 10, 2004, Safeco paid $73,912.82 to settle a claim brought by Aggregate Industries against a bond issued by Safeco, as surety, on behalf of Conway, as

principal, relative to the project known as the Sprague Elementary School, Wellesley, Massachusetts.

11. As a direct and proximate result of the claim by Aggregate Industries, Safeco has sustained losses in the form of a payment to Aggregate Industries in the amount of $73,912.82, plus attorneys' fees and expenses incurred in the investigation, defense and resolution of Aggregate Industries' claim on the bond.

12. Safeco has also received other claims on bonds and demands for payment from various entities.

13. The Indemnity Agreement provides that the Indemnitors are required to pay to Safeco upon demand:

> All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires [the Indemnitors] to make arrangements for [Safeco's] legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by [Safeco] by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the [Indemnitors]. In addition the [Indemnitors] agree to pay to [Safeco] interest on all disbursements made by [Safeco] in connection with such loss, costs and expenses incurred by [Safeco] at the maximum rate permitted by law calculated from the date of each disbursement.

14. The Indemnity Agreement provides that Safeco "shall have the exclusive right for itself and the [Indemnitors] to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed."

15. The Indemnity Agreement provides that Safeco "may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims."

16. The Indemnity Agreement provides that Safeco's "determination in good faith of the foregoing shall be final and conclusive upon the [Indemnitors]."

17. The Indemnity Agreement provides that "[a]n itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [the Indemnitors] to [Safeco] in any claim or suit by [Safeco] against [the Indemnitors]."

18. In accordance with its rights under the Indemnity Agreement, Safeco demands that the Indemnitors hold it harmless from all loss, costs and expenses it has incurred and may incur in the future as a result of the claims on bonds issued by Safeco.

19. To date, the Indemnitors have failed and/or refused to reimburse and/or indemnify Safeco in accordance with their obligations under the Indemnity Agreement.

20. Safeco also expects to sustain further losses in the form of additional attorneys' fees and expenses as a result of this litigation, all of which are recoverable under the specific terms of the Indemnity Agreement.

21. Safeco has complied with all conditions precedent to commencing this action.

## COUNT I

(Indemnity)

22. Safeco repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 21, as if set forth at length here.

23. As a direct and proximate result of Safeco's issuance of bonds on behalf of its principal, Conway, and at the request of the Indemnitors, and based upon the payment of a claim, attorneys' fees and expenses related thereto, Safeco has sustained losses, and anticipates sustaining further losses in prosecuting this action.

24. Despite demands from Safeco to the Indemnitors to hold Safeco harmless from all loss, costs and expenses Safeco incurred in connection with claims on bonds, the Indemnitors have failed and/or refused to comply.

25. As a result of the foregoing, the Indemnitors are liable, as indemnitors, to Safeco for all past and future losses, costs and expenses incurred in relation to claims on the bonds, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action, all in accordance with the specific terms and conditions of the Indemnity Agreement.

## COUNT II

(Common Law Indemnity)

26. Safeco repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 25, as if set forth at length here.

27. As a direct and proximate result of Safeco's issuance, as surety, of bonds on behalf of its principal, Conway, and at the request of Conway, Safeco has sustained losses and expenses, and anticipates sustaining further losses and expenses in prosecuting this claim for indemnity.

28. Pursuant to Safeco's common law right of indemnity, Conway is liable to Safeco for all past and future loss, costs and expense incurred in relation to claims on the bonds, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action.

## COUNT III

(Breach of Contract)

29. Safeco repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 28, as if set forth at length here.

30. Pursuant to the Indemnity Agreement, the Indemnitors are required to hold Safeco harmless or otherwise reimburse Safeco for its losses and expenses as set forth above.

31. Despite demand from Safeco to the Indemnitors to reimburse Safeco for all of its incurred losses, the Indemnitors have refused to comply.

32. The Indemnitors' failure to make payment upon demand constitutes a breach of the Indemnity Agreement for which the Indemnitors are liable.

## COUNT IV

(Specific Performance)

33. Safeco repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 32, as if set forth at length here.

34. Safeco has received claims on bonds issued on behalf of Conway.

35. The Indemnity Agreement provides that the Indemnitors are required to pay to Safeco upon demand "[a]n amount sufficient to discharge any claim made against [Safeco] on any Bond." The Indemnity Agreement further provides that "[t]his sum may be used by [Safeco] to pay such claim or be held by [Safeco] as collateral security against loss on any bond."

36. The Indemnity Agreement provides that the Indemnitors "will, on request of [Safeco], procure the discharge of [Safeco] from any Bond and all liability by reason thereof. If such discharge is unattainable, the [Indemnitors] will, if requested by [Safeco], either deposit collateral with [Safeco], acceptable to [Safeco], sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to [Safeco] for the funding of the bonded obligation(s)."

37. Pursuant to Safeco's rights under the Indemnity Agreement, Conway is required to deposit collateral in an amount acceptable to Safeco.

## COUNT V

(Specific Performance)

38. Safeco repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 37, as if set forth at length here.

39. Pursuant to Safeco's common law rights, as well as its rights as set forth in the Indemnity Agreement, the Indemnitors are required to hold Safeco harmless from any and all loss, costs or expenses, including consultant and attorneys' fees and interest, incurred by reason of having executed bonds on behalf of Conway.

## COUNT VI

(Specific Performance)

40. Safeco repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 39, as if set forth at length here.

41. The Indemnity Agreement provides that "[u]ntil [Safeco] shall have been furnished with competent evidence of its discharge, without loss from any Bonds, [Safeco] shall have the right of free access at reasonable times to the books, records and accounts of each of the [Indemnitors] for the purpose of examining, copying or reproducing them."

42. Safeco has not been furnished with competent evidence of its discharge without loss from any bonds issued on behalf of Conway.

## COUNT VII

(Quia Timet/Exoneration)

43. Safeco repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 42, as if set forth at length here.

44.   By reason of the bonds issued by Safeco at the request and on behalf of Conway, Safeco, if so adjudged, may be compelled to pay and satisfy the claims and/or other potential claims or demands on the bonds.

45.   Safeco possesses the equitable rights of Quia Timet and Exoneration to demand that the Indemnitors adequately secure or collateralize Safeco prior to any payment by Safeco.

46.   Safeco's loss of its equitable rights of Quia Timet and Exoneration constitutes an irreparable harm for which there is no adequate legal remedy.

## PRAYER FOR RELIEF

WHEREFORE, Safeco Insurance Company of America prays that this Honorable Court enter judgment in its favor and against the defendants, G. Conway, Inc. and Gerard D. Conway, jointly and severally, as follows:

(a)   By entering an Order requiring the Defendants to immediately reimburse Safeco for all incurred losses, plus interest, costs, consultant and attorneys' fees and any other incurred expenses;

(b)   By entering an Order requiring the Defendants to provide collateral security to Safeco in an amount necessary to properly protect Safeco against any claims and/or potential claims on the bonds, expenses and attorneys' fees;

(c)   By entering a judgment against the Defendants for any and all amounts that might be adjudged against Safeco, plus interest, costs, attorneys' fees and any other incurred expenses;

(d)   By entering an Order requiring the Defendants to allow Safeco and/or its agents, representatives or attorneys to inspect and copy the books, records and accounts of the Defendants; and

    (e)    By granting Safeco such other and further relief that the Court deems just and proper.

Respectfully submitted,

SAFECO INSURANCE COMPANY OF AMERICA,

By its attorneys,

*/s/ Bradford R. Carver*

Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

9

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Safeco Insurance Company of America

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
G. Conway, Inc. and
Gerald D. Conway

2004 JUL -8 A 11:25

County of Residence of First Listed: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eric H. Loeffler, Esq. and Bradford R. Carver, Esq.
CETRULO & CAPONE, LLP; Two Seaport Ln.
Boston, MA 02210
(617) 217-5500

Attorneys (If Known)

04-11528 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: |  |  |
| ☐ 240 Torts to Land |  | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action is brought under 28 U.S.C. 1332 by a Surety Company seeking to recover pursuant to a written agreement of indemnity.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ (see complaint)

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/2/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Safeco Insurance Company of America v. G. Conway, Inc., et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   **04-11528DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eric H. Loeffler, Esq. and Bradford R. Carver, Esq.__
                __CETRULO & CAPONE, LLP__
ADDRESS __Two Seaport Lane, Boston, MA 02210__
TELEPHONE NO. __(617) 217-5500__

(Coversheetlocal.wpd - 10/17/02)