UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAFECO INSURANCE COMPANY OF )
AMERICA, )
            )
            )
        Plaintiff, )   CIVIL ACTION NO. 04-11528DPW
            )
v.          )
            )
G. CONWAY, INC. and GERARD D. )
CONWAY, )
            )
        Defendants. )
            )

## ANSWER AND AFFIRMATIVE DEFENSES

Now come Defendants G. Conway, Inc. and Gerard D. Conway (together, "Defendants") and they respond as follows to the Complaint in this matter.

### PARTIES

1. Defendants are without sufficient information to admit or deny these allegations and therefore deny same.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Denied.

### BACKGROUND

5. Defendants are without sufficient information to admit or deny these allegations and therefore deny same.

6. Admitted.

7. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

8. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

9. Denied.

10. Defendants are without sufficient information to admit or deny these allegations and therefore deny same.

11. Denied.

12. Denied.

13. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

14. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

15. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

16. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

17. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT I
(Indemnity)

22. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 21 above.

23. Denied.

24. Denied.

25. Denied.

## COUNT II
(Common Law Indemnity)

26. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 25 above.

27. Denied.

28. Denied.

## COUNT III
(Breach of Contract)

29. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 28 above.

30. Denied.

31. Denied.

32. Denied.

## COUNT IV
(Specific Performance)

33. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 32 above.

34. Denied.

35. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

36. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

37. Denied.

## COUNT V
(Specific Performance)

38. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 37 above.

39. Denied.

## COUNT VI
(Specific Performance)

40. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 39 above.

41. Defendants state that the document attached to the Complaint speaks for itself. Otherwise, Defendants deny the remainder of the allegations contained herein.

42. Denied.

## COUNT VII
(Quia Timet/Exoneration)

43. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 42 above.

44. Denied.

45. Denied.

46. Denied.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff, by its own conduct and actions, is estopped from recovering any judgment against Defendants.

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by the doctrine of "unclean hands."

## **FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims are based on contracts between the parties, those claims are barred because Plaintiff is in breach of said contracts.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based on contracts between the parties, those claims are barred by the plain terms of said contracts.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its failure to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is subject to set off.

### EIGHTH AFFIRMATIVE DEFENSE

Jurisdiction is not proper in this Court where, among other reasons, the amount in controversy does not exceed the statutory requirement.

WHEREFORE, Defendants G. Conway, Inc. and Gerard D. Conway hereby request that this Court:

(A) Dismiss all counts contained in Plaintiff's Complaint against Defendants, or in the alternative, enter judgment in Defendants' favor and award it reasonable costs, attorneys' fees, and expenses.

(B) Upon finding Plaintiff's claims to be unsubstantiated, frivolous, and not advanced in good faith, award Defendants their reasonable costs, attorneys' fees, and expenses in accordance with G.L. c. 231, § 6F.

(C) Award such other relief as this Court deems appropriate under the circumstances.

DEFENDANTS G. CONWAY, INC. AND
GERARD D. CONWAY,

By their attorneys,

_____
Matthew A. Caffrey (BBO #558901)
Samer Obeid (BBO #658702)
    CAFFREY & SMITH, P.C.
    300 Essex Street
    Lawrence, MA 01840
    (978) 686-6151

Dated:    September 9, 2004

**CERTIFICATION OF SERVICE**

    I hereby certify that a true and accurate copy of the within document was served upon each party by first class mail on this day.

_____
Samer Obeid

Date:     September 9, 2004