UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAFECO INSURANCE COMPANY OF AMERICA,

        Plaintiff,

v.

G. CONWAY, INC. and GERARD D. CONWAY,

        Defendants.

Civil Action No. 04-11528-DPW

**MEMORANDUM OF LAW IN SUPPORT OF SAFECO INSURANCE COMPANY AMERICA'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Safeco Insurance Company of America ("Safeco"), hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment against the defendants, G. Conway, Inc. and Gerard D. Conway (hereinafter referred to as "the Indemnitors").

**I.    INTRODUCTION**

The material facts in this case can be simply stated as follows:

1. The Indemnitors executed a General Agreement of Indemnity for Contractors ("the GAI") promising to indemnify and reimburse Safeco for any and all losses Safeco incurred as a result of issuing surety bonds on behalf of its principal, G. Conway, Inc. ("Conway").

2. Safeco, in good faith, incurred significant losses as a direct and proximate result of having issued surety bonds on behalf of its principal, Conway.

3. The Indemnitors have failed and/or refused to reimburse Safeco for its losses in accordance with the specific terms and conditions of the Indemnity Agreement.

The relevant law can also be simply stated as follows:

1. A surety such as Safeco is entitled to indemnification for payments made in good faith to discharge its principal's obligations; and

2. Indemnity agreements, such as the one at issue in this case, are valid and enforceable, and are intended to provide comprehensive protection to the surety for losses sustained in fulfilling its obligations on bonds, including reimbursement of all legal and consultant fees.

Based on the foregoing, there can be no reasonable dispute that, as signatories to the GAI, the Indemnitors are required to indemnify Safeco for all of its losses, including claims paid by Safeco, expenses incurred in investigating claims made against the bonds, and consultant and attorneys' fees and expenses.

## II.     UNDISPUTED FACTS

At all times to this action, Safeco has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. See Safeco's Statement of Material Facts in Support of its Motion for Summary Judgment (hereinafter, "Safeco's Stmnt"), ¶1.

On or about April 2, 1999, G. Conway, Inc. ("Conway") executed a General Agreement of Indemnity for Contractors (the "GAI") for the purpose of indemnifying Safeco. On or about June 25, 2003, Gerard D. Conway executed a Signature Addendum to the GAI in favor of Safeco. See Safeco's Stmnt., ¶2.

The GAI provides that Conway and Gerard D. Conway (hereinafter collectively referred to as "the Indemnitors") are required to pay to Safeco upon demand:

> All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires [the Indemnitors] to make arrangements for [Safeco's] legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by [Safeco] by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the [Indemnitors]. In addition the [Indemnitors] agree to pay to [Safeco] interest on all disbursements made by [Safeco] in connection with such loss, costs and expenses incurred by [Safeco] at the maximum rate permitted by law calculated from the date of each disbursement.

Id., at ¶3.

The GAI provides that, with respect to claims against Safeco:

> 1. [Safeco] shall have the exclusive right for itself and the [Indemnitors] to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.
>
> 2. [Safeco] may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.
>
> 3. [Safeco's] determination in good faith of the foregoing shall be final and conclusive upon the [Indemnitors].
>
> 4. An itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [the Indemnitors] to [Safeco] in any claim or suit by [Safeco] against [the Indemnitors].

Id., at ¶4.

As a direct and proximate result of the Indemnitors executing the GAI, and in reliance thereon, Safeco, as surety, issued various surety performance and payment bonds on behalf of Conway, as principal, at the request of the Indemnitors. Id., at ¶5. Thereafter, Safeco received

3

claims and demands for payment from various obligees of the bonds, and several bond claimants have commenced lawsuits against Safeco seeking to recover against bonds issued on behalf of Conway.  Id., at 6.

On or about May 7, 2004, J&B Granite and Stone Works, Ltd. ("J&B") commenced an action against Conway and Safeco captioned J&B Granite and Stone Works, Ltd. v. G. Conway, Inc. and Safeco Insurance Company of America et al., Essex Superior Court Civil Action No. 04-00864B ("the J&B Lawsuit").  Id., at ¶7.  In the J&B Lawsuit, J&B asserted a claim against Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway.  Safeco, in good faith and pursuant to its obligations as surety, investigated and paid J&B $18,324.53 towards its claim on the bond.  J&B has a remaining claim against Conway and Safeco for approximately $40,000.00.  Id., at ¶8.

On or about May 16, 2005, Reliable Fence Company of the North Shore, Inc. ("Reliable") commenced an action against Conway and Safeco captioned Reliable Fence Company of the North Shore, Inc. v. G. Conway, Inc. and Safeco Insurance Company of America et al., Essex Superior Court Civil Action No. 05-00807 ("the Reliable Lawsuit").  Id., at ¶9.  In the Reliable Lawsuit, Reliable asserted a claim against Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway.  Safeco, in good faith and pursuant to its obligations as surety, investigated, defended and ultimately settled the Reliable Lawsuit by making a payment to Reliable in the amount of $28,000.00.  Id., at ¶10.

On or about April 29, 2005, D&R General Contracting Inc. ("D&R") commenced an action against Conway and Safeco captioned D&R General Contracting Inc. v. G. Conway, Inc. and Safeco Insurance Company of America et al., Essex Superior Court Civil Action No. 05-00692 ("the D&R Lawsuit").  Id., at ¶11.  In the D&R Lawsuit, D&R asserted a claim against

Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway. Safeco, in good faith and pursuant to its obligations as surety, investigated, defended and ultimately settled the D&R Lawsuit by making a payment to D&R in the amount of $77,500.00. Id., at ¶12.

As result of the forgoing, Safeco has sustained losses in the form of payments to bond claimants (J&B, Reliable and D&R) in the amount of $123,824.53. Id., at ¶13. In addition, Safeco remains exposed to additional claims on bonds issued on behalf of Conway. Id., at ¶14.

Safeco has also incurred attorneys' fees and expenses, consultant fees and expenses, and internal expenses in the amount of $93,668.79 in the investigation, defense and resolution of claims on the bonds, and in enforcing the terms of the GAI, all of which are recoverable under the specific terms of the GAI. Id., at ¶15. Attached to the Affidavit of Ann T. Hester as Exhibit B is a true and correct itemized statement of the attorney, consultant and internal fees and expenses incurred by Safeco. Thus, to date, Safeco has incurred losses and expenses in an amount of at least $217,493.32. Id., at ¶16.

To date, and despite repeated demands, the Indemnitors have failed and/or or refused to reimburse Safeco for its incurred losses and expenses, in violation of the express terms of the GAI. Id., at ¶17. At all times relevant hereto, Safeco has acted in good faith relative to its obligations as surety in the investigation and defense of claims made on bonds issued on behalf of Conway. Safeco's determination to make disbursements were made in good faith and under the belief that it was necessary or expedient to make such payments or disbursements. Id., at ¶18. Safeco has complied with all conditions precedent to maintaining this action. Id., at ¶19.

III.    **ARGUMENT**

Summary judgment is warranted if, after reviewing the facts in the light most favorable to the nonmoving party, no genuine issues of material fact remain. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S. Ct. 2505 (1986); Fed. R. Civ. P. Rule 56(c). A "genuine" issue of fact is one that a reasonable jury, on the record before the court, could resolve in favor of either party. Anderson, 477 U.S. at 254, 106 S. Ct. 2505. A fact is material when it "might affect the outcome of the suit under the governing law." Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Id.

The movant has the initial burden of production, which it can meet either by offering evidence to disprove an element of the plaintiff's case or by demonstrating an "absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). Once the movant has met its burden, the non-moving party must "go beyond the pleadings, and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a material issue for trial." Id. at 323-324, 106 S. Ct. 2548 (internal quotation marks omitted).

    A.    **Safeco is Entitled to Indemnification Pursuant to the GAI as a Matter of Law Because the Indemnitors Signed the GAI, Safeco Incurred Losses in Good Faith, and the Indemnitors Have Refused to Reimburse Safeco.**

It is well settled that a surety is entitled to indemnification for payments made to discharge its principal's obligations. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 (1962); Admiral Drywall, Inc. v. Cullen, 56 F.3d 4, 5 (1st Cir. 1995). Massachusetts courts have specifically held that a surety seeking indemnification based on an indemnity agreement is entitled to judgment as a matter of law where: (1) the Indemnitors signed the indemnity

6

agreement, (2) the surety incurred losses, and (3) the Indemnitors have refused to indemnify the surety.  See Hartford Acc. & Indemn. Co. v. Millis Roofing and Sheet Metal, Inc., 11 Mass. App. Ct. 998, 999 (1981) (holding merit of surety's payments not material because surety averred that it settled claims based on good faith belief, and Indemnitors had no evidence to contradict); American Employers' Ins. Co. v. Horton, 35 Mass. App. Ct. 921, 923-24 (1993) (holding Indemnitors' expressions of belief in disagreement with surety's payments not sufficient to defeat summary judgment).  Absent a showing of bad faith on the part of Safeco in the payment of claims, which the Indemnitors cannot show here, the Indemnitors are liable to reimburse Safeco for its losses.[1]

An express indemnity agreement between a surety and its indemnitor, like the one executed by the Indemnitor in this case, is to be interpreted "like any ordinary contract, with attention to language, background, and purpose."  Speers v. H.P. Hood, Inc., 22 Mass. App. Ct. 598, 600 (1986).  The Supreme Judicial Court of Massachusetts has specifically held, in construing similar indemnity agreements, that "[i]t is plain that the broad language of [the indemnity clause] manifests an intention to provide *comprehensive protection* to the [surety] for *any losses* which it might sustain because of its obligations on these surety bonds."  Peerless Cas. Co. v. Marinucci Bros. & Co., 336 Mass. 691, 695 (1958) (emphasis added), citing Curtis v. Banker, 136 Mass. 355, 359 (1884) and Hartford Accident & Indemnity Company v. Casassa, 301 Mass. 246, 255 (1938).

The obligation to reimburse a surety for its outlay extends to reimbursement of all legal and investigative fees incurred by the surety.  See Peerless, 336 Mass. at 695 (surety entitled to

---

[1] It is clearly established that to demonstrate bad faith by a surety in the manner in which the surety settles a claim or incurs expense, the principal must show "more than bad judgment, negligence or insufficient zeal."  Millis Roofing, 11 Mass. App. Ct. at 999.  "Want of good faith . . . carries an implication of a dishonest purpose, conscious doing of

reimbursement of fees incurred to investigate and remedy principal's default); <u>Hartford Accident & Indemnity Co.</u>, 301 Mass. at 255 (same); <u>see also</u> <u>Leventhal v. Krinsky</u>, 325 Mass. 336, 341 (1950) (holding that reasonable attorneys' fees may be recovered where contract between parties provided for their payment).

It is undisputed that the Indemnitors signed the GAI. As set forth in the accompanying Affidavit of Ann T. Hester, Safeco fulfilled its obligations by promptly investigating and resolving the claims brought against the Bonds, and has incurred losses and expenses in an amount of no less than $217,493.32.[2] Moreover, Safeco continues to incur additional losses pursuing this indemnity action.[3]

Given the firmly established precedents of this Commonwealth, there can be no doubt that Safeco is entitled to summary judgment on its indemnification claim as a matter of law. <u>See, e.g.</u>, <u>Transamerica Premier Ins. Co. v. Electro Maintenance and Service Corp.</u>, 1994 WL 879652 (Mass. Super. 1994) (granting surety's motion for summary judgment where principal failed to show that fees were incurred in bad faith); <u>Union Pacific Ins. Co. v. Caruso Development Co., Inc.</u>, 1994 WL 879823 (Mass. Super. 1994) (same).

---

wrong, or breach of duty through motive of self-interest or ill will." <u>Id</u>. at 999-1000; <u>see also</u> <u>Horton</u>, 35 Mass. App. Ct. at 921.

[2] Pursuant to the terms of the GAI, "[a]n itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [the Indemnitors] to [Safeco] in any claim or suit by [Safeco] against [the Indemnitors]." <u>See</u> Hester Affidavit, ¶5; <u>see also</u> <u>American Employers' Insurance Company v. Horton</u>, 35 Mass. App. Ct. 921 (1993); <u>Hartford Accident and Indemnity Company v. Millis Roofing and Sheet Metal, Inc.</u>, 11 Mass. App. Ct. 998 (1981).

[3] Safeco reserves the right to seek reimbursement for the additional losses, attorney, consultant and internal fees and expenses that will be incurred in further defending or resolving pending claims on the bonds, and the fees and expenses incurred in further prosecuting the claims in this action, all in accordance with the express terms of the GAI.

### B. The Indemnitors' Affirmative Defenses are Not Sufficient to Preclude Entry of Judgment in Safeco's Favor.

None of the affirmative defenses asserted by Indemnitors create a genuine issue of material fact and, therefore, cannot preclude the entry of summary judgment in Safeco's favor. Indeed, the only relevant issue for purposes of this Motion is whether Safeco incurred its losses based on a good faith belief that it was liable for those losses, or that it was necessary or expedient to make such payments or disbursements. The fact that Safeco sustained losses based on a good faith belief that the payments were due and owing is made evident by the Affidavit of Ann T. Hester, and the Indemnitors have no reasonable expectation of establishing otherwise.

## IV. CONCLUSION

The Indemnitors have no reasonable expectation of offering at trial any affirmative evidence to dispute that the Indemnitors executed the GAI, that Safeco, in good faith, incurred losses as a result of issuing the Bonds in excess of $217,493.32, and that the Indemnitors have failed to reimburse Safeco as required by the GAI. In light of the foregoing, Safeco Insurance Company of America respectfully requests that this Court grant its Motion for Summary Judgment in its entirety, and for such other and further relief that this Court deems just and proper.

Respectfully submitted,

**SAFECO INSURANCE COMPANY OF AMERICA,**

By its attorneys,

/s/ Paul-Lee Cambers
Bradford R. Carver, BBO #565396
Paula-Lee Chambers, BBO #566888
Eric H. Loeffler, BBO#641289
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA  02110
(617) 213-7030

Date:  July 11, 2006

### CERTIFICATE OF SERVICE

I, Paula-Lee Chambers, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 11, 2006.

/s/Paula-Lee Chambers
Bradford R. Carver, BBO #565396
Paula-Lee Chambers, BBO #566888
Eric H. Loeffler, BBO#641289
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA  02110
(617) 213-7030

34021241v1 856731