## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> G. CONWAY, INC. and GERARD D. CONWAY, <br><br> Defendants. | Civil Action No. 04-11528-DPW |

### AFFIDAVIT OF ANN T. HESTER

I, Ann T. Hester, having been duly sworn, hereby depose and state as follows:

1. I am employed by Safeco Insurance Company of America ("Safeco") as a Senior Counsel. I have full authority to adjust, manage, and prosecute the claims of Safeco with respect to this litigation. I make the statements that follow on personal knowledge, or on the basis of the business records of Safeco with respect to this matter, of which I am the keeper. These records were prepared, processed and maintained in the ordinary course of business, and it is the regular practice of Safeco to prepare, process and maintain such records.

2. At all times to this action, Safeco has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

3. On or about April 2, 1999, G. Conway, Inc. ("Conway") executed a General Agreement of Indemnity for Contractors (the "GAI") for the purpose of indemnifying Safeco. A true and correct copy of the GAI is attached hereto as Exhibit A and incorporated herein by

reference. On or about June 25, 2003, Gerard D. Conway executed a Signature Addendum to the GAI in favor of Safeco. See Exhibit A.

4. The GAI provides that Conway and Gerard D. Conway (hereinafter collectively referred to as "the Indemnitors") are required to pay to Safeco upon demand:

> All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires [the Indemnitors] to make arrangements for [Safeco's] legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by [Safeco] by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the [Indemnitors]. In addition the [Indemnitors] agree to pay to [Safeco] interest on all disbursements made by [Safeco] in connection with such loss, costs and expenses incurred by [Safeco] at the maximum rate permitted by law calculated from the date of each disbursement.

5. The GAI provides that, with respect to claims against Safeco:

> 1. [Safeco] shall have the exclusive right for itself and the [Indemnitors] to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.
>
> 2. [Safeco] may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.
>
> 3. [Safeco's] determination in good faith of the foregoing shall be final and conclusive upon the [Indemnitors].
>
> 4. An itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [the Indemnitors] to [Safeco] in any claim or suit by [Safeco] against [the Indemnitors].

6. As a direct and proximate result of the Indemnitors executing the GAI, and in reliance thereon, Safeco, as surety, issued various surety performance and payment bonds on behalf of Conway, as principal, at the request of the Indemnitors.

7. Thereafter, Safeco received claims and demands for payment from various obligees of the bonds, and several bond claimants have commenced lawsuits against Safeco seeking to recover against bonds issued on behalf of Conway.

8. On or about May 7, 2004, J&B Granite and Stone Works, Ltd. ("J&B") commenced an action against Conway and Safeco captioned <u>J&B Granite and Stone Works, Ltd. v. G. Conway, Inc. and Safeco Insurance Company of America et al.</u>, Essex Superior Court Civil Action No. 04-00864B ("the J&B Lawsuit").

9. In the J&B Lawsuit, J&B asserted a claim against Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway. Safeco, in good faith and pursuant to its obligations as surety, investigated and paid J&B $18,324.53 towards its claim on the bond. J&B has a remaining claim against Conway and Safeco for approximately $40,000.00.

10. On or about May 16, 2005, Reliable Fence Company of the North Shore, Inc. ("Reliable") commenced an action against Conway and Safeco captioned <u>Reliable Fence Company of the North Shore, Inc. v. G. Conway, Inc. and Safeco Insurance Company of America et al.</u>, Essex Superior Court Civil Action No. 05-00807 ("the Reliable Lawsuit").

11. In the Reliable Lawsuit, Reliable asserted a claim against Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway. Safeco, in good faith and pursuant to its obligations as surety, investigated, defended and ultimately settled the Reliable Lawsuit by making a payment to Reliable in the amount of $28,000.00.

12. On or about April 29, 2005, D&R General Contracting Inc. ("D&R") commenced an action against Conway and Safeco captioned <u>D&R General Contracting Inc. v. G. Conway, Inc. and Safeco Insurance Company of America et al.</u>, Essex Superior Court Civil Action No. 05-00692 ("the D&R Lawsuit").

13. In the D&R Lawsuit, D&R asserted a claim against Safeco seeking recovery for alleged unpaid labor and materials supplied to Conway. Safeco, in good faith and pursuant to its obligations as surety, investigated, defended and ultimately settled the D&R Lawsuit by making a payment to D&R in the amount of $77,500.00.

14. As result of the forgoing, Safeco has sustained losses in the form of payments to bond claimants (J&B, Reliable and D&R) in the amount of $123,824.53.

15. In addition, Safeco remains exposed to additional claims on bonds issued on behalf of Conway.

16. Safeco has also incurred attorneys' fees and expenses, consultant fees and expenses, and internal expenses in the amount of $93,668.79 in the investigation, defense and resolution of claims on the bonds, and in enforcing the terms of the GAI, all of which are recoverable under the specific terms of the GAI. Attached hereto as Exhibit B is a true and correct itemized statement of the attorney, consultant and internal fees and expenses incurred by Safeco.[1]

17. Thus, to date, Safeco has incurred losses and expenses in an amount of at least $217,493.32.

18. To date, and despite repeated demands, the Indemnitors have failed and/or or refused to reimburse Safeco for its incurred losses and expenses, in violation of the express terms of the GAI.

19. At all times relevant hereto, Safeco has acted in good faith relative to its obligations as surety in the investigation and defense of claims made on bonds issued on behalf

---

[1] Safeco reserves the right to seek reimbursement for the additional losses, attorney, consultant and internal fees and expenses that will be incurred in further defending or resolving pending claims on the bonds, and the fees and expenses incurred in further prosecuting the claims in this action, all in accordance with the express terms of the GAI.

of Conway.  Safeco's determination to make disbursements were made in good faith and under the belief that it was necessary or expedient to make such payments or disbursements.

20. Safeco has complied with all conditions precedent to maintaining this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF JULY 2006.

/s/ Ann T. Hester
Ann T. Hester
Safeco Insurance Company of America

34021263v1 856731